CABELL, J.
The first question which presents itself for consideration, is, Whether it is competent to this court to inquire into the propriety of the judgment of an infe-riour court granting a new trial, and in case it shall be of opinion that the new trial was improperly granted, to reverse the judgment, and render such judgment as the inferiour court ought to have rendered? That this court may inquire into the propriety of the judgment of an inferiour court refusing a new trial, and may affirm or reverse, according to its opinion of the propriety or impropriety of refusing the new trial, is settled by such a series of uniform decisions, as no longer to admit of question. It seems to me impossible to distinguish, in point of principle, the case where a new trial has been improperly granted, from the case where it has been improperly refused; and I consider it to have been settled by the cases of Knox v. Garland, 2 Call, 241, and Briscoe v. Clarke, 1 Rand. 213, that the power of this court extends alike to both cases.
Then, was the new trial improperly granted in this case? The court below, proceeded solely on the ground of the matter contained in the defendant’s affidavit. It appears that she was well acquainted with the facts necessary for her defence, and the persons by whom they could be proved: but she failed to summon some of these witnesses, or to use any means for procuring their attendance. She made no motion for a continuance, but went to trial voluntarily, the full confidence, inspired by the advice in of her counsel, that she had abundant testimony without that of the absent witnesses. She had the full benefit of all the testimony on which she thus relied, except that of the record of the suit in chancery, which the court had refused to allow on the former trial, and which she ought to have , expected would *be again refused. Such a blunder, even if it be the blunder of counsel, affords no just ground for a new trial; for we cannot, in such a case, distinguish the party from the counsel. The new trial, therefore, was not justified by the matter contained in the affidavit of the defendant, on which the court granted it.
But it was contended, that though the new trial may not be justified on the ground on which the court placed it, yet that the court committed other errors which prevented the defendant from having a fair trial, and that the new trial ought to be supported on that ground. The acts of the court complained of as errors of this description, are the refusal to allow the record of the suit in chancery to be given in evidence, and its refusal to allow it to be pleaded in bar of the action.
Was it erroneous to reject the record as evidence? The record contained, in addition to the pleadings and decree, many depositions of witnesses taken in relation to the matter in controversy. Now, although depositions regularly taken upon a bill and answer in chancery, may be used as evidence in a trial at law between the same parties, provided it be proved that the witnesses are dead, or by reason of sickness are unable to attend, or that they cannot be found, or are absent from the country, or are otherwise not amenable to the process of the court, Com. Dig. title Testmoigne. C. 4, Deposition, 1 Atk. 445, yet they can be used only under the circumstances just mentioned. It was, therefore, proper in the court to withhold from the jury, the record containing depositions of witnesses, without proof of the circumstances which would justify the use of the depositions; and the bill of exceptions, in this case, does not shew that any such proof was given. Even if the defendant was entitled to the use of the record as evidence, no other parts of *403 it were proper for that purpose, but the decree and the jdeadings on which it was rendered. It was offered asa whole, depositions and all; and it was rightfully rejected on that ground, if on no other. But no part of this record *ought to have been received in evidence in this case, unless it were of such a character, that if specially pleaded it would have been a bar to the action. And this leads me too inquire, whether the court erred in rejecting the plea?
I will not inquire, whether the plea was tendered in proper time, or pleaded in proper form: admit it to be free from all objection in these respects; admit it to have fully stated all the important parts of the chan-cerjT record; would the matter of the plea have been a bar to the action? To make such a plea a bar to the action, it is necessary, that the decision relied on should be the decision of the very matter in controversy in this suit; and that the court making the decision, should be a court having competent jurisdiction to decide the matter in controversy. The matter in controversy in this suit, was a claim for damages for the breach of a warranty, and there could be no recovery without proof of such breach. The words in the declaration, “falsely and fraudulently” preceding the word “warranting,” were mere surplusage, and unnecessary to be proved. If, then, this had been the matter in controversy in the court of chancery, that court would have had no jurisdiction to decide it; and, of course, the plea would have been no bar to the action. But, in truth, the matter in controversy in the suit in chancery, was a different matter: it was a claim to vacate the contract intirely, on the ground of fraud, over which that court had jurisdiction. But the decision of that question against the plaintiff is no bar to his action for damages for a breach of the warranty ; for though the plaintiff was not entitled to vacate the contract on the ground of fraud, yet he would be entitled to recover damages for a breach of the warranty, even if that breach were unaccompanied by fraud. I conclude, therefore, that the matter of this plea would have been bad on general demurrer, and, consequently, that the court did not err in refusing to receive it.
I am of opinion, that the judgment of the circuit court ought to be reversed; that the judgment of the hustings court, setting aside the judgment and verdict rendered for *the appellant, a.nd granting the appellee a new trial, together with all the proceedings subsequent to that order, ought also to be reversed; and that the judgment, which was entered by the hustings court on the verdict for the appellant, ought to be reinstated and affirmed.
The other judges concurring, the judgment for the appellee was reversed, and the judgment for the appellant, which was set a'side by the hustings court, was reinstated and affirmed.